## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT HILL, GREGORY HALL<br>And ONE PARTICULAR HARBOR, LLC | :<br>: CIVIL ACTION<br>: NO. 2:19-CV-1009-ES-CLW |
| Plaintiffs | : |
| V. | : **BRIEF IN SUPPORT OF**<br>: **PARTIAL DISMISSAL** |
| | : |
| ZAMBRIO & ASSOCIATES, LLC<br>and LOUIS ZAMBRIO, | :<br>: |
| | : |
| Defendant | : |

# DEFENDANTS' BRIEF IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS

**GOLDBERG SEGALLA LLP**

By: */s/Andrew P. Carroll*
Seth L. Laver, Esquire
Andrew P. Carroll, Esquire
301 Carnegie Drive, Suite 200
Princeton, NJ 08540-6587
T: (609) 986-1300
F: (609) 986-1301
slaver@goldbergsegalla.com
acarroll@goldbergsegalla.com
*Attorneys for Defendants Zambrio*
*& Associates and Louis Zambrio*

**Filing Date: April 2, 2019**
**Motion Date: May 6, 2019**

22540547.v1

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT.................................................................................1

II.   UNCONTESTED FACTS.....................................................................................1

    A.  The Underlying Transaction...................................................................1

    B.  Hill Is Not a Party to the Underlying
        Transaction.................................................................................2

III.  ARGUMENT.......................................................................................................3

    A.  Standard Governing Motion to Dismiss.................................................3

    B.  Hill Lacks Standing to Assert a Malpractice
        Claim.................................................................................5

IV.  CONCLUSION....................................................................................................7

22540863.v1

# TABLE OF AUTHORITIES

<u>Cases</u>

*Carrier Corp. v. Outokumpu Oyj,*
    673 F.3d 430 (6th Cir. 2012)...................................................................4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)...........................................................................3, 4

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................3, 4

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009)...................................................................4

*Fenwick v. Dukhman,*
    2014 WL 1788978 (D. N.J. Apr. 29, 2014).............................................5, 6

*In re Teleglobe Comm. Corp.,*
    493 F.3d 345 (3d Cir. 2007)...................................................................5

*S&Y5, Inc. v. Lee,*
    2016 WL 8674604 (D. N.J. Dec. 2, 2016)...................................................6

*Bondi v. Citigroup, Inc.,*
    423 N.J. Super. 377 (App. Div. 2011).......................................................6

<u>Rules</u>

Fed. R. Civ. P. 12(b)(1)..............................................................................1

Fed. R. Civ. P. 12(b)(6)..............................................................................1

## I.   PRELIMINARY STATEMENT

In this legal malpractice matter, a trio of investors – two individuals and one entity - allege that the transactional documents that they negotiated, revised, reviewed and executed did not accurately reflect their "understanding" of the contemplated transaction. Rather than reading the pertinent documents or later accepting responsibility for failing to do so, they seek to recover from an attorney who allegedly drafted the transactional documents. Although it is submitted that the Complaint is unfounded as a whole, it is the allegations of Plaintiff Robert Hill ("Hill") that are subject to immediate dismissal at this time. Since Hill did not engage the attorney defendants, nor did he participate in the transaction at issue, Hill lacks standing to assert any claim. Accordingly, as more fully set forth herein, Hill must be dismissed as a party to these proceedings.

## II.   UNCONTESTED FACTS

### a. The Underlying Transaction

In October 2016, Plaintiffs Gregory Hall ("Hall") and One Particular Harbor, LLC ("OPH") negotiated a transaction to purchase interests in WageSecure, LLC ("WageSecure") from then majority owner, non-party Venture Quest Capital Partners, LLC ("VQ"). *See Plaintiffs' Complaint*, Doc. 1, ¶¶12, 22. According to the Complaint, OPH and Hall agreed to purchase WageSecure in installments over a period of months subject to monthly payment obligations. *Id.* Plaintiffs allege

that "Hill (through OPH) and Hall hired Zambrio and Z&A to prepare written instruments documenting the proposed transaction." *Id.* ¶26. The transacting parties executed the documents and consummated the deal. *Id.* ¶34.

Soon thereafter, it became clear to Hall and OPH that VQ's owner – non-party Aaron Blackman ("Blackman") – "was engaged in an array of misconduct detrimental to WageSecure and its members." *Id.* ¶38. In a desperate attempt to undo the transaction, Hall and OPH defaulted on their payment obligations which, pursuant to the explicit contractual terms, prompted an acceleration provision requiring Hall and OPH to "repay the full balance" owed to VQ. *Id.* ¶42. According to Plaintiffs, it was only once VQ took the "offensive" and demanded that Hall and OPH honor their contractual responsibilities,[1] when they "first learned" of the key contractual terms they voluntarily executed. *Id.* ¶43. Plaintiffs claim that the failures in their investment are attributable to Zambrio's alleged malpractice in documenting the transaction.

## b. Hill is not a Party to the Underlying Transaction.

Hall and OPH purchased WageSecure - Hill did not. *Id.* ¶45. Hill was merely OPH's C.E.O. *Id.* at Ex. 3, pp. 39-53. As alleged, and as a matter of fact, Hill did *not* engage Zambrio in any capacity relevant to Hall and OPH's purchase

---

[1]     VQ/Blackman sued Plaintiffs in separate proceedings, with the parties apparently reaching a confidential resolution which is unknown to Moving Defendants.

of WageSecure. *Id.* ¶*26.* While corporate entities obviously cannot function without the involvement of individuals, an executive does not have standing to pursue a claim incurred on behalf of the corporation absent a showing of specific harm incurred by that individual. Such alleged harm is lacking here. Since Hill was not a party to the underlying transaction giving rise to this malpractice claim, Hill lacks standing to assert any cause of action against Zambrio.

## III.   ARGUMENT

### a.  Standard Governing Motion to Dismiss

Similar to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss pursuant to 12(b)(1) tests the legal sufficiency of a plaintiff's standing based on the factual allegations of the complaint. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that under the federal pleading standard a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. A claim is "plausible on its face" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 568. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court further explained the pleading standard by delineating two principles for analyzing a motion to dismiss under Rule 12(b)(6). First, although "a court must accept as true all of the

3

allegations contained in the complaint," the mere recital of the elements of a

particular cause of action followed by conclusory statements of a legal claim, does

not suffice. *Id.* at 663. Second, with respect to any surviving well-pleaded factual

allegations, "a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." *Id.* at 664.

The Third Circuit Court of Appeals established the following two-step

analysis for a District Court's evaluation of a motion to dismiss pursuant to Rule

12(b)(6) and the holdings of *Twombly* and *Iqbal*. *See Fowler v. UPMC Shadyside*,

578 F.3d 203, 210-11 (3d Cir. 2009).

> First, the factual and legal elements of a claim should be
> separated. The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. Second, a District Court must then
> determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a "plausible claim
> for relief." In other words, a complaint must do more
> than allege the plaintiff's entitlement to relief. A
> complaint has to "show" such an entitlement with its
> facts.

*Fowler*, 578 F.3d at 210-11 (internal citations omitted).

Here, Hill's claims are subject to dismissal because he lacks standing to

assert a malpractice claim against Zambrio arising from the purchase of

WageSecure.

4

### b. Hill Lacks Standing to Assert a Malpractice Claim

Plaintiff Hill lacks standing to assert a malpractice claim against Zambrio arising from OPH and Hall's purchase of WageSecure. The Complaint and its exhibits confirm that Hill's only involvement in the purchase of WageSecure pertained to his capacity as an officer of OPH. Since Hill has not incurred any alleged harm, his claims must be dismissed.

In order to establish standing to bring a claim, a plaintiff must establish three elements:

> (1) an "injury in fact," i.e. an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court.

> *Fenwick v. Dukhman*, 2014 WL 1788978, at *3 (D. N.J. Apr. 29, 2014).

In the context of corporate law, it is axiomatic that the purpose of a corporate entity is to maintain a distinct legal separation between a business and any of its owners or parent companies. *See In re Teleglobe Comm. Corp.*, 493 F.3d 345, 371 (3d Cir.2007). In other words, "it is well established that, absent a direct individual injury, the president and principal shareholder of a corporation lacks standing to sue for an injury to the corporation." *Meade v. Kiddie Acad. Domestic Franchising, LLC*, 501 Fed. Appx. 106, 108 (3d Cir. 2012). Furthermore, a "mere diminution in the value of [the plaintiff's] shares…is not an injury independent of

5

the corporation, but derives entirely from injury to the corporation itself." *Fenwick*, 2014 WL 1788978, at *4. An owner must therefore "allege an injury that is independent of the corporation in order to bring suit on his own behalf." *Id.* at *3.

Hill has not, and cannot, set forth any injury independent of OPH's alleged harm arising from the WageSecure transaction. The transaction between Hall and OPH was documented by three agreements, which were allegedly drafted by Zambrio: a Membership Interest Purchase Agreement, a Secured Promissory Note, and a Pledge Agreement. There is no reference to Hill individually in any of these documents. Rather, Hill's role is simply as signatory in his capacity as CEO on behalf of the purchasing entity, OPH. Thus, as a result of the transaction, Hill had no ownership of WageSegure.

It is of no moment that Hill was an executive and owner of OPH, the entity that purchased WageSecure. Yet, any injury allegedly incurred by OPH – the existence of which is denied – does not equate to an injury allegedly incurred by Hill. Both federal and state courts have made clear that individuals may not utilize the shield of corporate separateness in defense, while ignoring its legal principles for the individual prosecution of the corporation's civil claims. *S&Y5, Inc. v. Lee*, 2016 WL 8674604, at *7 (D. N.J. Dec. 2, 2016) ("Absent a direct individual injury...the principal shareholder of a corporation lacks standing to sue for an injury to the corporation."); *see Bondi v. Citigroup, Inc.*, 423 N.J. Super. 377, 437

6

(App. Div. 2011). In light of Hill's lack of standing to pursue this claim, he has failed to set forth any basis for recovery and his claims should be dismissed with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Zambrio respectfully requests that the Court grant this Motion to Dismiss all claims asserted by Plaintiff Hill with prejudice.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

Date: April 2, 2019

By: /s/Andrew P. Carroll
Seth L. Laver, Esquire
Andrew P. Carroll, Esquire
301 Carnegie Drive, Suite 200
Princeton, NJ 08540-6587
T: (609) 986-1300
F: (609) 986-1301
slaver@goldbergsegalla.com
acarroll@goldbergsegalla.com
*Attorneys for Defendants Zambrio &*
*Associates and Louis Zambrio*

22541019.v1

7