IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT HILL, GREGORY HALL and ONE PARTICULAR HARBOR, LLC <br><br> *Plaintiffs* <br><br> v. <br><br> ZAMBRIO & ASSOCIATES, LLC and LOUIS ZAMBRIO, <br><br> *Defendants* | : CIVIL ACTION <br> : NO. 2:19-CV-1009-ES-CLW <br> : <br> : **REPLY BRIEF** <br> : <br> : <br> : <br> : <br> : |

# DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF PARTIAL MOTION TO DISMISS

**Filing Date: April 2, 2019**
**Motion Date: May 6, 2019**

**GOLDBERG SEGALLA LLP**

By: */s/ Andrew P. Carroll*
    Seth L. Laver, Esquire
    Andrew P. Carroll, Esquire
    301 Carnegie Drive, Suite 200
    Princeton, NJ 08540-6587
    T: (609) 986-1300
    F: (609) 986-1301
    slaver@goldbergsegalla.com
    acarroll@goldbergsegalla.com
    *Attorneys for Defendants Zambrio & Associates and Louis Zambrio*

## HILL LACKS STANDING AND MUST BE DISMISSED

This reply memorandum is necessary to address Hill's lack of standing and failure to plead any cause of action against Zambrio.[1] In their opposition, Plaintiffs spill considerable ink repeating the allegations in their complaint, which for purposes of Zambrio's motion, must be accepted as true (despite the evidence suggesting otherwise). Yet, this uncontested fact is dispositive: Hall and OPH purchased WageSecure - Hill did not. *Complaint*, ¶45. Since Hill is not a party to the underlying transaction that gives rise to the claim of malpractice, *even if* Plaintiffs can prove that Zambrio breached the standard of care — which Zambrio adamantly denies - Hill cannot maintain any cause of action as a matter of law.

Plaintiffs assert two arguments in opposition to Zambrio's motion for partial dismissal. First, Plaintiffs contend that Zambrio does not seek dismissal of each of Plaintiffs' claims and, second, Plaintiffs contend that Hill has incurred individualized damages in the form of attorneys' fees paid in third-party litigation. Both of Plaintiffs' arguments will be addressed in turn.

First, Plaintiffs contend that Zambrio "does not argue that Hill does not have standing to assert claims for breach of contract and breach of fiduciary duty" and therefore "even if Hill does not have standing to assert a claim for malpractice...Hill's claims for breach of contract and breach of fiduciary duty should not be dismissed."

---

[1] For ease of reference, Zambrio will rely upon the defined terms set forth in their opening brief.

*See, Plaintiffs' Opposition, p7.* This wildly inaccurate contention misrepresents Zambrio's motion. Throughout their motion, Zambrio consistently moves for dismissal of *each* of Hill's flawed claims, as follows:

- "Since Hill did not engage the attorney defendants, nor did he participate in the transaction at issue, Hill lacks standing to assert any claim." *(Defendants' Brief, p1)*;

- "Since Hill was not a party to the underlying transaction giving rise to this malpractice claim, Hill lacks standing to assert any cause of action against Zambrio." *(Defendants' Brief, p3)*;

- "Since Hill has not incurred any alleged harm, his claims must be dismissed." *(Defendants' Brief, p5)*;

- "In light of Hill's lack of standing to pursue this claim, he has failed to set forth any basis for recovery and his claims should be dismissed with prejudice." *(Defendants' Brief, p7)*;

- "For the foregoing reasons, Zambrio respectfully requests that the Court grant this Motion to Dismiss all claims asserted by Plaintiff Hill with prejudice." *(Defendants' Brief, p8)*.

Clearly, Zambrio has moved for dismissal of each of Hill's claims for failure to properly plead any recoverable cause of action against them. Thus, this Court must reject Plaintiffs' odd and unsupported contention to the contrary.

In their second, and final, contention Plaintiffs allege that Hill was a party to the underlying lawsuits against non-party Blackman and that he incurred legal fees and costs in those other proceedings. *Plaintiffs' Brief, p9*. Plaintiffs contend that Hill incurred individualized damages caused by Zambrio in the form of those fees and costs. *Id.* Plaintiffs misapply the law.

The fact that Hill may have been a party to a separate lawsuit is irrelevant to the analysis of Hill's lack of standing herein. Put another way, the lawsuit involving non-party Blackman does nothing to alter Hill's status as a non-party to the underlying transaction giving rise to Plaintiffs' claims against Zambrio. Likewise, that other lawsuit does nothing to change the uncontested fact that Hill did not engage Zambrio to draft the transactional documents at issue.

The parties to the underlying transaction, for reasons known to them, opted for OPH – not Hill - to purchase WageSecure. As such, OPH would receive the benefits and any potential downside to utilizing the corporate form to complete the purchase. Hill was an outsider to that transaction. In such circumstances, "courts must respect entity separateness" and cannot disregard corporate form. *Bondi v. Citigroup, Inc.*, 423 N.J. Super. 377, 437 (App. Div. 2011). Regardless of the circumstances of Hill's involvement in any other lawsuit, Hill was not substantively involved in *these* underlying proceedings for standing purposes. Plaintiffs have not and cannot identify any injury incurred by Hill that is separate and distinct from that actually incurred by the real party in interest, OPH.

Accordingly, even assuming that the evidence supports Plaintiffs' allegations, which is disputed, Hill has failed to plead any cause of action against Zambrio. Since Hill did not engage Zambrio to prepare the underlying transactional documents and was not a party to the underlying transaction, his claims must be dismissed, with prejudice.

In light of the foregoing, and as more fully set forth in Zambrio's motion for partial dismissal, Zambrio respectfully requests that the Court grant this Motion to Dismiss all claims asserted by Plaintiff Hill with prejudice

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

Date: April 29, 2019

By: */s/ Andrew P. Carroll*
    Seth L. Laver, Esquire
    Andrew P. Carroll, Esquire
    301 Carnegie Drive, Suite 200
    Princeton, NJ 08540-6587
    T: (609) 986-1300
    F: (609) 986-1301
    slaver@goldbergsegalla.com
    acarroll@goldbergsegalla.com
    *Attorneys for Defendants Zambrio &*
    *Associates and Louis Zambrio*

22831154.v1